United States District Court
District of Massachusetts

|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Criminal No. |
| ) | 06-10308-NMG |
| JAVIER CAMACHO, ) | |
| ) | |
| Defendant.   ) | |

MEMORANDUM & ORDER

GORTON, J.

Pro se defendant-petitioner Javier Camacho ("Camacho") brings a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and for immediate deportation.

I.  **Background**

On September 28, 2006, Camacho was charged in an Indictment with four counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The third count involved the distribution of at least 100 grams of heroin. On March 16, 2007, Camacho pled guilty to all four counts. On August 14, 2007, this Court sentenced Camacho to a term of 60 months of incarceration (the statutory mandatory minimum) to be followed by 48 months of supervised release. At the time of his guilty plea and sentencing, Camacho was represented by Attorney Page Kelley of the Federal Defender's Office. Camacho is presently incarcerated at Moshannon Valley Correctional Center in Philipsburg,

Pennsylvania.

On June 24, 2008, Camacho filed a timely motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Also on that day, he moved to proceed in forma pauperis and for "appropriate relief based on [his] status as an alien and extraordinary circumstances." The latter motion appears to be a memorandum in support of his section 2255 petition and will be treated as such. Several months later, in October, 2008, Camacho moved for immediate deportation to the Dominican Republic, his country of origin. On April 13, 2010, the government filed an "omnibus" opposition to Camacho's motions to vacate and for immediate deportation.[1]

## II. Analysis

### A. Motion to Vacate, Set Aside or Correct Sentence

#### 1. Standard of Review

Section 2255 of Title 28 of the Untied States Code enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255; David v. United States, 134 F.3d 470, 474 (1st

---

[1] The government has offered no explanation for its delay of nearly two years in opposing Camacho's motions.

Cir. 1998). In each of those circumstances, the petitioner bears the burden of establishing the need for relief. David, 134 F.3d at 474. To warrant relief under section 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident". Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

### 2. Application

Camacho offers three grounds under which the Court should reduce or vacate his sentence. First, he suggests that the Court should grant a downward departure based on his "extraordinary family situation." Since his incarceration, his children have been struggling in school, his father has fallen severely ill, his father-in-law has been confined to a wheel chair and his wife has developed a thyroid condition and lost her job. Second, he submits that the Court should consider status as a his deportable alien as a mitigating factor. Because he will be deportable as soon as he completes his sentence, he may be subject to harsher conditions of confinement in a detention center than a non-alien convicted of the same offense. Finally, Camacho contends that he has shown exemplary behavior in prison, has seen the error of his ways and is, in essence, a changed person. Based on those three circumstances, he implores the Court to reduce his sentence.

None of those purported circumstances, however compelling, presents legitimate grounds for the Court to vacate or reduce

Camacho's sentence pursuant to section 2255. The Court imposed Camacho's sentence in accordance with the mandatory minimum sentence mandated by 21 U.S.C. § 841(b)(1)(B)(i) and, accordingly, it lacks authority to reduce it. See Fontes v. United States, 2010 WL 1223798, at *6-7 (D. Mass. Mar. 25, 2010) (denying § 2255 motion where court was powerless to reduce defendant's sentence below the statutory mandatory minimum).

Defendant cites a number of cases in which courts have granted downward departures in light of factors such as extraordinary family circumstances and removable alien status. Those cases, however, are inapposite because they arise out of sentences imposed pursuant to the United States Sentencing Guidelines and not pursuant to statutory requirements. See, e.g., United States v. DeRoover, 36 F. Supp. 2d 531, 533 (E.D.N.Y. 1999) (departing downward based on extraordinary rehabilitation and dependence of children); United States v. Farouil, 124 F.3d 838, 847 (7th Cir. 1997) (remanding for re-sentencing where court failed to consider defendant's status as a deportable alien).

Moreover, in addition to its substantive deficiencies, Camacho's petition is procedurally defaulted because he did not present a claim on direct review and has not shown either 1) "cause" for failing to raise the claim earlier and "actual prejudice" resulting from the alleged error or 2) "actual

innocence". See Eliot v. United States, 313 F.3d 636, 643 (1st Cir. 2002).

Finally, to the extent that Camacho requests an evidentiary hearing, that request will be denied. An evidentiary hearing is unnecessary when a § 2255 motion is "inadequate on its face," meaning that the allegations, "if accepted as true, entitle the movant to no relief." United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993). Here, even accepting Camacho's allegations as true, he has made no showing that he is entitled to relief.

### B. Motion for Immediate Deportation

Pursuant to 8 U.S.C. § 1228(c), a district court may enter an order of deportation only when the order has been requested by the United States Attorney's Office with the concurrence of the Commissioner of Immigration and Customs Enforcement. As part of that procedure, the United States Attorney must, prior to the entry of a guilty plea, file a notice of intent to request judicial removal and, at least 30 days prior to sentencing, file a charge containing factual allegations regarding the alienage of the defendant and identifying the crime or crimes which make the defendant deportable. 8 U.S.C. § 1228(c)(2)(A-B). Here, the United States Attorney made no such request and, accordingly, Camacho is ineligible for judicial removal.

## ORDER

In accordance with the foregoing, defendant's motions to vacate, set aside or correct his sentence (Docket No. 19) and for immediate deportation (Docket No. 25) are **DENIED** and the Petition for habeas corpus is **DISMISSED**.

**So ordered.**

                                                                   /s/ Nathaniel M. Gorton
                                                                   Nathaniel M. Gorton
                                                                   United States District Judge

Dated September /3, 2010